# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHEN N. OKORONKWO | § | |
| | § | |
| v. | § | A-18-CV-00542-RP |
| | § | |
| ANDREW BOLEN, et al. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court are: Defendants' Motion to Dismiss for Improper Venue and/or in the alternative, Motion to Transfer Venue (Dkt. No. 4), and Plaintiff's Motion to Remand to State Court (Dkt. No. 6.). The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Plaintiff Stephen Okoronkwo brought suit on May 15, 2018, in the 261st District Court for Travis County, Texas, against Defendants Andrew Bolen, Hauling Away, LLC, Clayton B. Young, and Crowdergulf, LLC. Plaintiff sought personal injury damages resulting from an incident that occurred in June 2016 near FM 1484 in Montgomery Country, Texas in which Plaintiff's vehicle was struck by Defendant Bolen's vehicle.

Plaintiff alleges that the events related to this case occurred after severe weather in Texas in May 2016. After the bad weather, Montgomery County retained Defendant Crowdergulf and others to assist with disaster recovery management services. Crowdergulf employed Young as a project manager to oversee the disaster recovery management services and to supervise the truck

certification site. Crowdergulf also retained Defendant Hauling Away as a sub-contractor to assist with the mobilization of equipment, personnel, and supplies. On June 9, 2016, Bolen was working for Hauling Away and was scheduled to drive a tractor truck and trailer in order to haul debris. Drivers were required to have a placard in the truck noting that they were an authorized contractor. The placards were provided to the drivers by Crowdergulf in a staging area. Crowdergulf's project manager at the location was Young. After the placards were issued to the drivers, the truck and a follow vehicle would leave the staging area to begin their mission. The follow vehicle contained a person employed as a debris monitor; Plaintiff was a debris monitor on the day at issue. Plaintiff alleges that Bolen was improperly cleared by an employee of Crowdergulf to exit the staging area without having received his placard, and did so followed by Plaintiff. After realizing he did not have his placard, Bolen pulled over and stopped on the shoulder of the road. Plaintiff, unaware of Bolen's reason for stopping, pulled his vehicle onto the shoulder behind Bolen's rig. Plaintiff alleges that Bolen then, without warning, began reversing his rig and backed his rig onto the Plaintiff's vehicle. As Plaintiff's vehicle was being crushed, Plaintiff states that he attempted to exit the car, but as he was doing so, slipped on the pavement and was struck on his head by the car door.

Plaintiff's Original Petition includes claims of negligence against Young within the course and scope of his employment with Defendant Crowdergulf, negligence and negligence per se against Defendant Bolen within the course and scope of his employment with Defendant Hauling Away, LLC; negligence of Hauling Away, LLC under theories of vicarious liability and respondeat superior; negligent entrustment, negligent hiring, training, and supervision of Defendant Bolen by Defendant Hauling Away, LLC; negligence of Defendant Young under theories of vicarious liability and

respondeat superior; and negligent hiring, training, and supervision of Defendant Young by Defendant Crowdergulf.

On June 28, 2018, Hauling Away, LLC and Bolen removed the case to this Court. (Dkt. No. 1). Hauling Away and Bolen claimed diversity of citizenship as a basis for subject matter jurisdiction and noted that all relevant parties had consented to the removal. Hauling Away's members are and were citizens of Alabama, with its principal place of business in Alabama. Crowdergulf's members were citizens of Alabama, with its principal place of business in Alabama. According to the state court Original Petition, Young is a resident of Travis County, Texas. Plaintiff alleges he was a resident of Harris Country, Texas at the time the suit was commenced.

## II. ANALYSIS

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). A court, however, "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723. The removing party bears the burden of showing that the removal was proper. *Frank v. Bear Stearsns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

In this case, the Plaintiff seeks remand based on a procedural defect in the removal. Removal raises significant federal concerns, and thus, "the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). A timely filed motion for remand requires a federal district court to remand a case to state court if the defendant has not satisfied the statutory requirements for removal.

28 U.S.C. § 1446 sets forth the procedures for removal. In addition, § 1447(c) authorizes remand for procedural noncompliance with the removal statute, where the noncompliance is timely raised by the opposing party. 28 U.S.C. 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Here, Defendants removed this action on June 28, 2018 (with Crowdergulf having already been served with the lawsuit), and Plaintiff timely filed the motion to remand on July 13, 2018.

Section 1446(b) articulates several procedural requirements to make a proper removal, including that when a civil action is removed solely under section 1441, all defendants who have been properly joined and served must join in or consent to the removal of the action. However, all defendants need not join in the petition for removal within the thirty-day time period if: (1) the non-joining defendant has not been served with process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; or (3) the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *Penson Fin. Serv., Inc. v. Golden Summit Investors Group, Ltd.*, 2012 WL 2680667, at *6 (N.D. Tex. July 5, 2012). The Fifth Circuit has explained that

> while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some other person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

*Getty Oil Corp., a Div of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). The *Getty Oil* court set forth several requirements for proper consent to removal: (1) a timely

4

filed written indication; (2) of actual consent by each served defendant; (3) by the defendant itself or another person or entity, so long as the latter purports to formally act to consent with authority from the defendant. If there is a procedural defect, it is independently sufficient to remand. *Gutierrez v. La Joya Indep. Sch. Dist.*, 2012 WL 5464957, at *2 (S.D. Tex. Nov. 8, 2012).

Courts from the Fifth Circuit have found removals defective when they have not met the requirements laid out in *Getty Oil*, and have consistently rejected representations from one party that another party consents in the removal.[1] Here, the Plaintiffs argue that Crowdergulf has not sufficiently consented to removal. The Court agrees. The only indication of Crowdergulf's consent to removal here is Hauling Away and Bolen's claim that counsel for Crowdergulf "consents to this removal." (Dkt. No. 1 at 6). This is not sufficient under *Getty Oil*. A defendant himself must consent to the removal. While this does not require that Crowdergulf itself have signed the notice of removal, it does mean there has to be some "written indication" of Crowdergulf's joinder, from some representative purporting to have authority to formally act on the Crowdergulf's behalf. There

---

[1] *Day v. Danny*, No. 2016 WL 1033536, at *5 (M.D. La. Feb. 17, 2016); *Gutierrez v. La Joya Indep. Sch. Dist.*, 2012 WL 5464957, at *5 (S.D. Tex. Nov. 8, 2012); *Grand Tex. Homes, Inc. v. Am. Safety Indem. Co.*, 2012 WL 5355958, at *3 (N.D. Tex. Oct. 30, 3012) (the rule of *Getty Oil* "closes the door" to federal court because defendants "have neglected to attach the proper documents to their notice of removal"); *Crowley v. Amica Mut. Ins. Co.*, 2012 WL 3901629, at *3 (E.D. LA. Sept. 7, 2012) ("[C]ourts within the Firth Circuit have construed strictly the requirement for written consent by all of the defendants and overwhelmingly have held that statements on behalf of nonmoving defendants in a notice of removal are insufficient."); *Spoon v. Fannin Cnty. Cmty. Supervision and Corr. Dep't.*, 794 F.Supp. 2d 703, 709 (E.D. Tex. June 30, 2011) ("[A] defendant who does not sign an original notice of removal cannot rely solely on a representation of its consent from removing defendants or on any communication between the defendants not timely filed with the court."). *Goldman v. Nationwide Mut. Ins. Co.*, 2011 WL 3268853, at *3 (E.D. La. July 28, 2011) (statement in notice of removal that "all other named defendants...consent" did not constitute sufficient written consent from all defendants); *Hammonds v. Youth for Christ USA*, 2005 WL 3591910, at *3 (W.D. Tex. Aug. 16, 2005) (representation in notice of removal that "We have conferred with counsel for [co-defendant]. . . and they are in agreement with this removal" was insufficient).

5

is none, despite the fact that Crowdergulf had been served, and was made aware of the removal. And none of the three recognized exceptions outlined above are applicable here. The 30-day period for removal for each defendant has expired and no document indicating written consent on behalf of Crowdergulf was ever filed with the Court. Indeed, the removing defendants do not even address the lack of written consent in their response (Dkt. No. 8). Thus, the defendants have not satisfied § 1446's requirement and the petition for removal is fatally defective, requiring remand.

## III. RECOMMENDATION

Based on the preceding discussion, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** Plaintiff's Motion to Remand (Dkt. No. 6) and remand this case to the 261st District Court for Travis County, Texas. The Court further **RECOMMENDS** that Defendants' Motion to Dismiss for Improper Venue (Dkt. No. 4) be **DENIED AS MOOT**.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C.

§ 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 1st day of February, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE